IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| ALVIN MICHAEL BELL | : | |
| Petitioner | : | |
| v | : | Civil Action No. AW-06-914 |
| UNITED STATES MARSHAL and UNITED STATES PAROLE COMMISSION | : | |
| | : | |
| Respondents | | |

o0o
# **MEMORANDUM**

The above-captioned case was instituted upon receipt of a letter from Petitioner addressed to the United States Marshal regarding a detainer for federal parole violation. Paper No. 1. Petitioner is currently incarcerated at Roxbury Correctional Institution, serving a sentence for a state criminal conviction. *Id*. The letter has been construed as a Petition for Writ of Mandamus. For the reasons that follow, the petition must be dismissed.

Under 28 U.S.C. § 1361 the federal district courts have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or one of its agencies to perform a duty owed to a petitioner. In order to meet the requirements for mandamus relief, a petitioner must show: that he has the clear legal right to the relief sought; that the respondent has a clear legal duty to do the particular act requested; and that no other adequate remedy is available. *See In re First Fed. Savings and Loan Ass'n of Durham*, 860 F.2d 135, 138 (4th Cir. 1988); *Asare v. Ferro*, 999 F.Supp. 657, 659 (D. Md. 1998). The failure to show any of these prerequisites defeats a district court's jurisdiction under 28 U.S.C. § 1361. *See National Association of Government Employees v. Federal Labor Relations Authority*, 830 F. Supp. 889, 898 (E.D. Va. 1993). Further, the issuance of a writ of mandamus under § 1361 is an

extraordinary remedy and is a matter of judicial discretion. *See Carter v. Seamans,* 411 F.2d 767, 773 (5th Cir. 1969) (citations omitted). Even if the three prerequisite elements are satisfied, the mandamus remedy lies within the discretion of the trial court. *See Oregon Nat. Resource Council v. Harrell*, 52 F. 3d 1499, 1508 (9th Cir. 1995). Thus, mandamus cannot be used to compel the performance of discretionary duties of federal government officers, but will lie only to compel ministerial acts. *See Shoshone-Bannock Tribes v. Reno*, 56 F.3d 1476, 1480 (D.C. Cir. 1995); *Plato v. Roudebush*, 397 F. Supp. 1295, 1304-05 (D. Md. 1975). A ministerial act is one in which the law prescribes and defines a duty to be performed with such precision as to leave nothing to the exercise of discretion or judgment. *See Neal v. Regan*, 587 F. Supp. 1558, 1562 (N.D. Ind. 1984).

Because Petitioner is currently confined pursuant to a valid conviction, he is not entitled to a prompt parole revocation hearing. *See Moody v. Daggett*, 429 U.S. 78, 87– 88 (1976) (parole revocation warrant filed as a detainer at the prison where Petitioner is held pursuant to a conviction that is the basis for the parole revocation is not an executed warrant and does not give rise to a protected liberty interest requiring prompt hearing); *see also Larson v. McKenzie*, 554 F. 2d 131, 132 (4th Cir. 1977). Absent a clear obligation to provide a parole revocation hearing, Petitioner is not entitled to mandamus relief and this case shall be dismissed by separate Order which follows.

| | |
|---|---|
| <u>April 20, 2006</u><br>Date | <u>         /s/                              </u><br>Alexander Williams, Jr.<br>United States District Judge |